IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DAVID BYUS AND REBECCA BYUS**,<br>    Plaintiffs<br>vs.<br>**UNITED STATES OF AMERICA**,<br>    Defendant | NO. 20-CV-3438 GJH |

## UNOPPOSED MOTION TO MODIFY SCHEDULING ORDER

Plaintiffs respectfully request the Court modify the Scheduling Order (ECF No. 14) pursuant to Federal Rule of Civil Procedure 16(b)(4). This motion comes one week in advance of the deadlines that Plaintiffs seek to modify. Good cause exists to modify the deadline for Plaintiffs' Rule 26(a)(2) disclosures, and the subsequent deadlines that follow.

For over three months, Plaintiffs have conferred with the Government on Plaintiffs' outstanding requests for production. After several conferences with the Government, Plaintiffs were forced to initiate this Court's procedure to obtain an order compelling the Government to properly participate in discovery. *See* L.R. 104.8 (requiring movant to serve motion to compel and memorandum in support in accordance with Fed. R. Civ. P. 5(a) and hold conference regarding same). To date, Defendant has not produced a single medical record in this medical malpractice case even though most of the relevant medical records are from the Defendant's hospital. In addition, Defendant has not produced audit trails in native form as requested.

The Government's delay has halted the progress of this case. For example, Plaintiffs' experts are unable to prepare expert reports unless and

until they receive the medical records that the Government reasonably anticipated would be involved in litigation.[1]

After fifteen (15) written attempts to obtain production of documents, and two zoom video conferences, the Government's response remains the same—that they are "working on it" and "should have an update soon." While Plaintiffs exhaust this District's procedure on motions to compel, the deadline for disclosure of Plaintiffs' retained experts approaches. Therefore, Plaintiffs request the scheduling order be modified while the parties confer, and if unsuccessful, this Court considers Plaintiffs' Motion to Compel.

Plaintiffs conferred with Defendant and requested a ninety (90) day extension on the expert disclosure and subsequent deadlines. Defendant has no objection to the extension.

Accordingly, Plaintiffs respectfully request the Scheduling Order for this case be modified as follows:

a) Plaintiffs' Rule 26(a)(2) disclosures: **December 22, 2021**
b) Defendant's Rule 26(a)(2) disclosures: **January 21, 2022**
c) Plaintiffs' rebuttal Rule 26(a)(2) disclosures: **February 7, 2022**
d) Rule 26(e)(2) supplementation of disclosures and responses: **February 15, 2022**
e) Discovery deadline; submission of status report: **March 15, 2022**
f) Requests for admission: **March 22, 2022**
g) Dispositive pretrial motions deadline: **April 22, 2022**

---

[1] Plaintiffs presented their administrative claims to the VA over two years ago.

Respectfully Submitted,

_____/s/_____
**JAMAL K. ALSAFFAR**, *pro hac vice*
   jalsaffar@nationaltriallaw.com
   Texas State Bar #2402719
**STEVEN HASPEL**, *pro hac vice*
   shaspel@nationaltriallaw.com
   Texas State Bar #24109981
**WHITEHURST, HARKNESS,**
**BREES, CHENG, ALSAFFAR,**
   **HIGGINBOTHAM, & JACOB**
   **P.L.L.C.**
7500 Rialto Blvd, Bldg. Two, Ste 250
Austin, TX 78735
(512) 476-4346 (o)
(512) 467-4400 (f)

_____/s/_____
**MICHAEL H. BERESTON**, Esquire
   bereston@berestonlaw.com
**MICHAEL H. BERESTON, INC.**
   138 Main Street, Suite 200
   P.O. Box 2990
   Annapolis, MD 21404
   (410) 269-5011 (o)
   (410) 269-5022 (f)

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

By my signature below, I certify that a copy of this pleading, Unopposed Motion to Modify Scheduling Order, has been sent to the following on September 20, 2021 via the Court's CM/ECF notice system.

Jonathan F. Lenzner
Acting United States Attorney

MATTHEW A. HAVEN
Assistant U.S. Attorney
U.S. Attorney's Office
District of Maryland
36 S. Charles Street, 4th Fl.
Baltimore, MD 21201
(410) 209-4800 (o)


/s/ Jamal Alsaffar
Whitehurst Harkness Brees Cheng
   Alsaffar Higginbotham & Jacob PLLC

Attorney for the Plaintiff